UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE:     \*
    \*    Case No.
Iris Diane Wilkerson,     \*
    \*
    \*
    \*    Chapter 13
Debtor.     \*

## CHAPTER 13 PLAN

Extension [ ]          Composition [x]

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$726.00** per month to Trustee by [ ] Payroll Deduction(s) or by [x] Direct Payment(s) for the applicable commitment period of **36 months**, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    [ ] IF CHECKED, Plan payments will increase by $____ on _____ upon completion or termination of _____.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees.** The Trustee shall receive a statutory fee in an amount established by the Attorney General and the United States Trustee.

    (B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of **$3,950.00**. The base fee includes, but is not limited to, all anticipated services identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. The amount of $0.00 was paid prior to the filing of the case. The balance of the fee shall be disbursed by the Trustee as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to **$3,950.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to **$626.00** per month until the fees are paid in full; (2) If the case is dismissed or

converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed **$3,950.00**, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties in interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the non-base fee shall be added to any unpaid balance of the base fee and paid in accordance with paragraph (B)(1) above. If the base fee has been paid in full, then the non-base fee shall be paid at the rate of up to **$626.00** per month, and the distributions to creditors shall be reduced, *pro rata,* by that amount until the non-base fee is paid in full.

5. **Priority Claims**.

   A. **Domestic Support Obligations**. Debtor authorizes that any post-petition domestic support obligation payments may be paid through a state or superior court income deduction order. Further, DCSS may utilize review and modification procedures of the domestic support obligation when allowed under state law as detailed in 11 U.S.C. § 362(b)(2).

   [x] None. If none, skip to Plan paragraph 5(B).

   I. Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
   II. The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 302(b)(6).

   III. Anticipated Domestic Support Obligation Arrearage Claims
   a) Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   [x] None; or

   | Creditor (Name and Address) | Estimated Arrearage Claim | Projected Monthly Arrearage Payment |
   |---|---|---|
   |  |  |  |

   b) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   [x] None; or
   Claimant and proposed treatment:

   B. **Other Priority Claims (e.g., tax claims)**. All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

   | Creditor | Estimated Claim |
   |---|---|
   | Internal Revenue Service | $0.00 |
   | Georgia Department of Revenue | $0.00 |

6. **Secured Claims**.

   A. **Claims Secured by Personal Property Which Debtor Intends to Retain**.

      I. **Pre-confirmation adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

      Debtor shall make the following adequate protection payments:
      ☐ directly to the creditor; or
      ☒ to the Trustee pending confirmation of the plan.

   ☐ None; or

   | Creditor | Collateral | Monthly Payment |
   |---|---|---|
   | NISSAN MOTOR ACCEPTANCE | 2015 Nissan Versa | $50.00 |

      II. **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

      a) **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| Creditor | Collateral | Purchase Date | Claim Amount | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| NISSAN MOTOR ACCEPTANCE | 2015 Nissan Versa | 5/21/2015 | $15,385.00 | 4.25% | $50.00 |
| **Post-confirmation monthly payments to creditor shall increase to $345.00 beginning July 2016.** | | | | | |

      b) **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

[x] None; or

| Creditor | Collateral | Purchase Date | Replacement Amount | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**B. Claims Secured by Real Property Which Debtor Intends to Retain.**
Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage upon request, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

[ ] None; or

| Creditor | Property Description | Pre-Petition Arrearage | Projected Monthly Arreage Payment |
|---|---|---|---|
| Ocwen | 1210 Willowbrook Ln., Anstell, GA 30106 | $17,000.00 | $15.00 |

**Post-confirmation monthly payments to creditor shall increase to $345.00 beginning July 2016.**

**C. Surrender of Collateral.**
Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

[x] None; or

| Creditor | Collateral to be Surrendered |
|---|---|
|  |  |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $9,331.00.  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $0.00 or 0.00%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c). Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

[x] None; or

| (a) Creditor | (b) Nature of Lease or Executory Contract | (c) Payment to be paid directly by Debtor | (d) Total Arrears | (e) Projected Arrearage monthly payment through plan |
|---|---|---|---|---|
|  |  |  |  |  |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

a) **Other allowed secured claims**. A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 0% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

b) **Federal Tax Returns.** Any federal tax refunds the Debtor receives that end during the applicable commitment period of this bankruptcy shall be paid into the Debtor's Chapter 13 case. Further, Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee. 11 U.S.C. §§ 1325(a)(3) and 1325(b)(1)(B). DEBTOR MAY RETAIN UP TO $1,500.00 OF EACH YEAR'S TAX REFUND WITHOUT FILING A MOTION UPON WRITTEN REQUEST TO THE CHAPTER 13 TRUSTEE.

c) **Claims subject to lien avoidance pursuant to 11 U.S.C. §§ 506(a), (d), and 522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, the creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

Buxton Wisdom

Dated this Friday, November 27, 2015.

| /S/ | /S/ |
|---|---|
| Samantha Lee | Iris Diane Wilkerson, |
| Attorney for Debtor | Debtor. |
| GA Bar No. 342785 | |
| King and King Law LLC | |
| 215 Pryor Street, SW | |
| Atlanta, Georgia  30303 | |
| (404) 524-6400 | |

```
                         United States Bankruptcy Court
                          Northern District of Georgia
In re:                                                           Case No. 15-72708-jrs
Iris Diane Wilkerson                                             Chapter 13
         Debtor               CERTIFICATE OF NOTICE

District/off: 113E-9          User: benningto              Page 1 of 1            Date Rcvd: Nov 30, 2015
                              Form ID: pdf589              Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 02, 2015.
  tr            +Nancy J. Whaley,    Nancy J. Whaley, 13 Trustee,    Suite 120,    303 Peachtree Center Avenue,
                  Atlanta, GA 30303-1286
19513297        +Allied Collection,    4387 Hugh Howell RD,    Tucker, GA 30084-4706
19513298       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court:   BANK OF AMERICA,    PO BOX 982238,    EL PASO, TX 79998)
19513299         Buxton Wisdom,    15 Woodward Ave SE,    Atlanta, GA 30312
19513300        +CAPITAL ONE BANK USA NA,    PO BOX 30281,    SALT LAKE CITY, UT 84130-0281
19513301        +CATHERINES/SOANB,    1103 ALLEN DR,    MILFORD, OH 45150-8763
19513302        +COMENITY CAPITAL/HSN,    PO BOX 182120,    COLUMBUS, OH 43218-2120
19513303        +DELL FINANCIAL SERVICES,    PO BOX 81607,    AUSTIN, TX 78708-1607
19513305        +HOUSEHOLD FINANCE CORP,    PO BOX 9068,    BRANDON, FL 33509-9068
19513308        +NISSAN MOTOR ACCEPTANCE,    PO BOX 660366,    DALLAS, TX 75266-0366
19513309        +NORTH AMERCN,   2810 WALKER RD,    CHATTANOOGA, TN 37421-1082
19513310        +OCWEN/HOMEWARD RESIDENTI,    1525 S BELTLINE,    COPPELL, TX 75019-4913
19513311        +Office of Coffee County Commissioners,    101 Peterson Ave S,    Douglas, GA 31533-5260
19513313        +SEARS/CBNA,    PO BOX 6282,    SIOUX FALLS, SD 57117-6282

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
19513304         E-mail/Text: brnotices@dor.ga.gov Dec 01 2015 00:07:22      Georgia Department of Revenue,
                  1800 Century Blvd NE Suite 910,    Atlanta, GA 30321
19513306        +E-mail/Text: bankruptcy@icsystem.com Dec 01 2015 00:08:42      I C SYSTEM,    PO BOX 64378,
                  SAINT PAUL, MN 55164-0378
19513307         E-mail/Text: cio.bncmail@irs.gov Dec 01 2015 00:06:57      IRS,   Centralized Insolvency Opera,
                  P.O. Box 7346,    Philadelphia, PA 19101-7346
19513312        +E-mail/Text: bankruptcy@onlineis.com Dec 01 2015 00:08:40      ONLINE IN SV,    PO BOX 1489,
                  WINTERVILLE, NC 28590-1489
19513314        +E-mail/PDF: gecsedi@recoverycorp.com Dec 01 2015 00:14:32      SYNCB/AMAZON PLCC,
                  PO BOX 965015,    ORLANDO, FL 32896-5015
19513315        +E-mail/PDF: gecsedi@recoverycorp.com Dec 01 2015 00:14:32      SYNCB/CARE CREDIT,
                  PO BOX 965036,    ORLANDO, FL 32896-5036
19513316        +E-mail/PDF: gecsedi@recoverycorp.com Dec 01 2015 00:14:00      SYNCB/EVINE LIVE,    PO BOX 965005,
                  ORLANDO, FL 32896-5005
19513317        +E-mail/PDF: gecsedi@recoverycorp.com Dec 01 2015 00:14:32      SYNCB/JUST BRAKES,
                  PO BOX 965036,    ORLANDO, FL 32896-5036
19516159        +E-mail/Text: usagan.bk@usdoj.gov Dec 01 2015 00:07:33      U. S. Attorney,
                  600 Richard B. Russell Bldg.,    75 Spring Street, SW,    Atlanta GA 30303-3315
                                                                                              TOTAL: 9

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 02, 2015                                             Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 27, 2015 at the address(es) listed below:
              Karen   King    on behalf of Debtor Iris Diane Wilkerson myecfkingnking@gmail.com
                                                                                             TOTAL: 1
```